**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

_____

RAFEAL V. BEAN,

           Petitioner,

v.                                                     Case No. 07-CV-12041

GREG McQUIGGIN,

           Respondent,
_____/

**OPINION AND ORDER DENYING PETITIONER'S "MOTION FOR
RECONSIDERATION" AND "AMENDED MOTION FOR EQUITABLE TOLLING"
AND TERMINATING AS MOOT PETITIONER'S "MOTION FOR EQUITABLE
TOLLING" AND "MOTION FOR ENLARGEMENT OF TIME"**

On May 9, 2007, Petitioner Rafeal V. Bean filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Respondent Greg McQuiggin filed a November 16, 2007 motion to dismiss on the ground that the petition had not been filed in compliance with the one year statute of limitations contained in 28 U.S.C. § 2244(d)(1). Petitioner filed his response to the motion to dismiss on December 13, 2007,[1] and the court issued a December 20, 2007, opinion and order granting Respondent's motion to dismiss. The court also denied Petitioner's motion for an evidentiary hearing and declined to issue a certificate of appealability. Pending before the court are Petitioner's

---

[1] The court notes that Petitioner filed a November 30, 2007 "Motion for Enlargement of Time," which the court did not expressly address in its December 20, 2007 order. In this motion, Petitioner requested additional time to respond to Respondent's motion to dismiss because of Petitioner's limited access to prison resources. Because the court considered Petitioner's untimely response in its order granting Respondent's motion, Petitioner's "Motion for Enlargement of Time" will be terminated as moot.

"Verified Motion for Reconsideration" and "Verified Amended Motion for Equitable Tolling."[2] For the reasons stated below, the court will deny the motions.[3]

Eastern District of Michigan Local Rule 7.1(g) provides that a motion for reconsideration shall be granted only if the movant can (1) "demonstrate a palpable defect by which the court and the parties have been misled," and (2) show that "correcting the defect will result in a different disposition of the case." E.D. Mich. LR 7.1(g)(3). More significantly for purposes of these motions, Local Rule 7.1(g)(1) requires that "[a] motion for rehearing or reconsideration must be filed within 10 days after entry of the judgment or order." The provisions of Local Rule 7.1 are analogous to Federal Rule of Civil Procedure 59(e), which provides that any motion to alter or amend a judgment shall be filed no later than ten days after entry of the judgment. *United States v. Moss*, 189 F.R.D. 354, 355, n. 2 (E.D. Mich. 1999).

---

[2] Although Petitioner brings these motions separately, the substance of his "Verified Amended Motion for Equitable Tolling" is largely duplicative of his "Verified Motion for Reconsideration." Because both motions challenge the court's findings contained in the December 20, 2007 order, the court will construe Petitioner's "Verified Amended Motion for Equitable Tolling" as a motion for reconsideration.

[3] The court also recognizes that Petitioner filed his first "Motion for Equitable Tolling" on May 9, 2007. In that motion, Petitioner argued that the one year habeas corpus statute of limitations should be equitably tolled because extraordinary circumstances prevented him from filing a timely appeal to the Michigan Supreme Court. Although the court did not specifically reference Petitioner's motion for equitable tolling in its December 20, 2007 order, that order analyzed and rejected the substance of Petitioner's motion. Specifically, the court found that "[a] state court post-conviction motion that is filed following the expiration of the limitations period cannot toll that period pursuant to 28 U.S.C. § 2244(d)(2) because there is no period remaining to be tolled." (12/20/07 Order at 4 (citing *Jurado v. Burt*, 337 F. 3d 638, 641 (6th Cir. 2003)*; Hargrove v. Brigano*, 300 F. 3d 717, 718, n.1 (6th Cir. 2002); *Webster v. Moore*, 199 F. 3d 1256, 1259 (11th Cir. 2000).) Accordingly, Petitioner's "Motion for Equitable Tolling" will be terminated as moot.

The court's order of dismissal was entered on December 20, 2007. Because Petitioner had only 10 days to file a motion for reconsideration under Eastern District of Michigan Local Rule 7.1(g)(1), intermediate legal holidays and weekend days are excluded under Federal Rule of Civil Procedure 6(a). Even if the court were to credit Petitioner with three additional days for service,[4] Petitioner was required to submit his motions for reconsideration on or before January 11, 2008. Because courts have not been blind to the dilemmas of *pro se* prisoners and the particular challenges they face in meeting court deadlines, the Supreme Court formulated a mailbox rule, stating that documents are considered filed with the court when the document is submitted to prison officials for filing. *Houston v. Lack*, 487 U.S. 266, 272 (1988). Therefore, under the mailbox rule, if Petitioner had given his motions to prison authorities to mail on January 11, 2008, his motions would be considered timely. Although the court does not have before it proof of the date Petitioner relinquished control over the motions, they are dated January 22, 2008. Absent evidence to the contrary, a federal court will assume, pursuant to the prison mailbox rule, that a prisoner gave his habeas petition or other pleadings to prison officials on the date he signed it. *See e.g. Hudson v. Martin,* 68 F. Supp. 2d 798, 799, n. 2 (E.D. Mich. 1999) (citations omitted). Therefore, it appears Petitioner gave the motions to prison authorities seven business days late. As a result,

---

[4] Federal Rule of Civil Procedure 6(e), which gives a party three additional days to file a document when the party is required to do so within a specified time period *after service*, does not technically apply here because Eastern District of Michigan Local Rule 7.1(g)(1) requires the motion to be filed "10 days *after entry* of the judgment or order," not after service of the order.

the motions are untimely and Petitioner waived his opportunity to move for reconsideration. Accordingly,

IT IS ORDERED that the Petitioner's "Verified Motion For Reconsideration" [Dkt. # 13] and "Verified Amended Motion for Equitable Tolling" [Dkt. # 12] are DENIED.

IT IS FURTHER ORDERED that Petitioner's "Motion for Enlargement of Time" [Dkt. # 7] and "Motion for Equitable Tolling" [Dkt. # 2] are TERMINATED AS MOOT.

        s/Robert H. Cleland
        ROBERT H. CLELAND
        UNITED STATES DISTRICT JUDGE

Dated: February 15, 2008

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, February 15, 2008, by electronic and/or ordinary mail.

        s/Lisa G. Wagner
        Case Manager and Deputy Clerk
        (313) 234-5522

S:\Cleland\JUDGE'S DESK\C1 ORDERS\07-12041.BEAN.OrderDenyRecon.wpd

4